UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| NANCY WHITEHOUSE, ET AL., ) | |
| ) | |
| PLAINTIFFS ) | |
| ) | |
| v. ) | No. 2:12-cv-214-DBH |
| ) | |
| PRUDENTIAL INSURANCE ) | |
| COMPANY OF AMERICA, ) | |
| ) | |
| DEFENDANT ) | |

## DECISION AND ORDER ON MOTION TO DISMISS

The defendant's motion to dismiss the retaliation claim is **DENIED IN PART AND GRANTED IN PART**.

First, the plaintiffs have not opposed the defendant's motion to dismiss their retaliation claim under Maine law. That portion, therefore, is **GRANTED**. With respect to the federal claim of retaliation, however, the First Amended Complaint, fairly read, meets the Twombly and Iqbal standards for liability. See Ashcroft v. Iqbal, 556 U.S. 662 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007). Perhaps the defendant will have grounds for a summary judgment motion, but not for Rule 12(b)(6) dismissal. Therefore the motion is **DENIED** as to liability on the federal retaliation claim.

As for the availability of "compensatory" (not wage) damages, I observe that the First Circuit has held that the remedies under the Fair Labor Standards Act (FLSA) and the Age Discrimination in Employment Act (ADEA) are identical. Collazo v. Nicholson, 535 F.3d 41, 44-45 (1st Cir. 2008). Since

the First Circuit has also held that compensatory damages are not available under the ADEA, id., it follows (for a trial judge in this Circuit) that they are not available under the FLSA.  Accord Snapp v. Unlimited Concepts, Inc., 208 F.3d 928 (11th Cir. 2000); Fiedler v. Indianhead Truck Line, Inc., 670 F.2d 806 (8th Cir. 1982).  I therefore do not follow the Sixth and Seventh Circuits, which permit such damages.  Moore v. Freeman, 355 F.3d 558 (6th Cir. 2004); Shea v. Galaxie Lumber & Constr. Co., Ltd., 152 F.3d 729 (7th Cir. 1998); Travis v. Gary Cmty. Mental Health Ctr., Inc., 921 F.2d 108 (7th Cir. 1990).

I follow the same reasoning on punitive damages.  The First Circuit has said they are unavailable under the ADEA.  Kolb v. Goldring, Inc., 694 F.2d 869, 872 (1st Cir. 1982).  Therefore they are unavailable here under the FLSA, regardless of the Seventh Circuit's approach in Travis.

Accordingly the Maine retaliation claim is **DISMISSED**, the federal retaliation claim survives, and the federal claim for compensatory and punitive damages is **DISMISSED**.

**SO ORDERED.**

**DATED THIS 2ND DAY OF JANUARY, 2013**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**