UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| NANCY WHITEHOUSE, ET AL., )<br>)<br>PLAINTIFFS )<br>)<br>v. )<br>)<br>PRUDENTIAL INSURANCE )<br>COMPANY OF AMERICA, )<br>)<br>DEFENDANT ) | NO. 2:12-CV-214-DBH |

**ORDER ON MOTION FOR RECONSIDERATION OF
DECISION AND ORDER ON MOTION TO DISMISS**

The plaintiffs' motion for reconsideration is **DENIED**.

In my Order of January 2, 2013, I denied Prudential's motion to dismiss the plaintiffs' retaliation claims in their Amended Complaint so far as the Fair Labor Standards Act (FLSA) is concerned. I granted the motion to dismiss all their *state* law retaliation claims, however, because the plaintiffs failed to oppose that part of the motion. Decision and Order on Motion to Dismiss (ECF No. 33). The plaintiffs now say that in doing so, I got it wrong ("misapprehended"). Mot. for Reconsideration (ECF No. 36). The plaintiffs are incorrect.

The Amended Complaint had four counts: "Violation of State and Federal Wage and Hour Law"; "Discrimination (Retaliation) Against Plaintiffs"; "Breach of Contract"; and "Final Wage Claims." Amended Complaint (ECF No. 26).

In its motion to dismiss for failure to state a claim, Prudential focused on Count II and argued that "Plaintiffs' purported retaliation *claims*, however, fail to sufficiently allege a plausible claim for relief and seek damages not available as a matter of law.  These purported retaliation[] *claims* should therefore be dismissed at this time."  Mot. to Dismiss at 2 (ECF No. 27)(emphasis added).  Likewise, "*all* of Plaintiffs' individual retaliation claims, under the FLSA and state law, should be dismissed." Id. at 8 (emphasis added).  Although the text of Prudential's memorandum focused on the federal statute, in a footnote it stated: "Plaintiff Whitehouse also asserts a retaliation claim under the Maine law, specifically referencing 26 M.R.S. § 671 (Compl. ¶ 34). . . . Plaintiff Whitehouse has not alleged that she made any such complaint to a government official, and as such, the retaliation *claims* under state law should be dismissed." Id. at 3 n.1 (emphasis added).

In their response to the motion, the plaintiffs argued only federal law and did not bother to respond at all to Prudential's request to dismiss state law retaliation claims.  Pls.' Mem. In Opp'n to Def's. Mot. to Dismiss passim (ECF No. 28).

Prudential pointed out the plaintiffs' lack of opposition to dismissal of their state law retaliation claims in its Reply: "Defendant moved to dismiss Whitehouse's purported Maine law retaliation claim, since that law requires that a complaint be made to a governmental official, and Whitehouse alleges no such complaint. . . . Whitehouse has not argued in opposition, and as a result, *any retaliation claims under state law should be dismissed.*" Reply in Support to Mot. to Dismiss at 2 n.2 (emphasis added).

2

When the briefing on the motion to dismiss was completed, I canvassed the parties' arguments on the federal claims and denied Prudential's motion to dismiss the FLSA claims. But, seeing no argument from the plaintiffs that their *state* law retaliation claims should proceed, I granted the motion to dismiss those claims. See Local Rule 7(b).

In their motion for reconsideration, the plaintiffs now say that the plaintiff Whitehouse has a Maine Whistleblower Protection Act claim as part of her state retaliation claims and that I should not have dismissed that particular state claim. Mot. for Reconsideration at 1. Putting aside the question whether the Amended Complaint properly alerted Prudential and the court that Whitehouse was making such a claim,[1] nowhere in their opposition to the motion to dismiss did the plaintiffs support *any* state law claim, despite Prudential's request to dismiss "all" state law retaliation claims. The plaintiffs' explanation for how this was not a waiver is: "Plaintiffs' opposing memorandum

---

[1] Paragraph 1, a general introductory paragraph, states that "Prudential wrongfully terminated their employment as part of its illegal practice of forcing from employment or firing all workers who assert their rights under this state and country's wage and hour laws." Amended Complaint ¶ 1. Generally thereafter, the Amended Complaint refers to "the FLSA and the Maine Wage-and-Hour Law" and the employment contract. Count II is the plaintiffs' discrimination/retaliation claim. Paragraph 26 states: "Prudential retaliated and discriminated against Plaintiffs for asserting their rights and making claims under the FLSA and, in Ms. Whitehouse's case, the Maine Wage and Hour Laws, which discrimination violated those statutes and other state laws prohibiting discrimination against so-called whistleblowers." Id. ¶ 26. Thereafter, Count II refers to state and federal "wage and hour laws." Id. ¶¶ 27©, 27(h), 27(j) and 27(k). The final numbered paragraph of Count II states: "Nancy Whitehouse also asserts a claim under Maine common and statutory law, including 26 M.R.S. § 671 for all of the damages and other relief referenced in the preceding paragraph." Id. ¶ 34. Nowhere are Maine's Whistleblower statute, 26 M.R.S.A. § 831 et seq., and the Maine Human Rights Act, 5 M.R.S.A. § 4551 et seq. (the basis for any *private* cause of action for a whistleblower violation) even mentioned. Tripp v. Cole, 425 F.3d 5, 8 n.2 (1st Cir. 2005)("The MWPA prohibits discrimination against employees because of whistleblowing activities, but the MHRA provides the individual cause of action for an MWPA violation."). Section 671, which the Amended Complaint does mention, is actually a penalty provision providing for fines and Attorney General proceedings for violation of the subchapter on minimum wages. So the only notice of a private cause of action for a whistleblower violation as such is the passing reference in ¶ 26.

did not include separate discussion of the MWPA because defendant simply never brought it into question." Id. at 6. In other words, I was correct to infer that the plaintiffs' total failure to mention state law retaliation claims was a waiver of objection to dismissal, but I should have figured out that the waiver was only as to some, not all, state law retaliation claims.

That is insufficient. Prudential asked to dismiss "all" state law retaliation claims. If the plaintiffs had a basis for some, but not all, of such state law claims to survive, they should have told me (and the defendant) then, when the court's time and attention were engaged on the retaliation arguments, not belatedly now.

The motion for reconsideration is **DENIED**.

**SO ORDERED.**

**DATED THIS 26TH DAY OF FEBRUARY, 2013**

/S/ D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**

4